IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRENDA L. VIRELLA, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-1844 |
| M.B.G. ENTERPRISES INC., | * | |
| | * | |
| DEFENDANT. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Brenda L. Virella ("Virella" or "Plaintiff") brings this employment discrimination case against Defendant M.B.G. Enterprises, Inc. ("M.B.G." or "Defendant"), seeking declaratory judgment, injunctive relief, and monetary damages for discrimination based on her race and color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* She further alleges that she was unlawfully discriminated against because of her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* Plaintiff also asserts claims of disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701 *et seq*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Presently pending is Defendant's Motion to Dismiss for Failure to State a Claim. (ECF No. 3.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 3) is GRANTED, and this case is DISMISSED. Specifically, Plaintiff's claims for race and color discrimination under Title VII are

DISMISSED WITHOUT PREJUDICE and her claims under the ADEA, Rehabilitation Act, and ADA are DISMISSED WITH PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Brenda L. Virella is a resident of Anne Arundel County, Maryland. (Compl., ECF No. 1 ¶ 1.) She is a caucasian woman who was born in 1959. (*Id.* ¶¶ 4, 6.) Defendant M.B.G. Enterprises, Inc. is a transportation and sanitation services corporation with its principal place of business in Anne Arundel County, Maryland. (*Id.* ¶ 2.) As of April 2020, Virella was employed by M.B.G. (*Id.* ¶ 6.) Virella alleges that M.B.G., through its agent and employee, Daniel Gunter, wrongfully terminated her employment in late April 2020. (*Id.*) Virella alleges that she was involved in a physical altercation with an African-American male employee and was severely injured. (*Id.*) The male employee, who was the subject of a failed criminal prosecution based on the altercation, was not terminated from his employment. (*Id.*) At some point after the altercation, Virella filed a worker's compensation claim. (*Id.*) Later, her employment was terminated. (*Id.*)

On January 15, 2021, Virella filed a charge of discrimination with the Equal Employment Opportunity Discrimination ("EEOC"). (*Id.* ¶ 10.) The EEOC denied her claim and issued her a right to sue letter dated on or about July 6, 2021. (*Id.*) On July 23, 2021, Virella filed suit in this Court.

**STANDARD OF REVIEW**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendant's Motion to Dismiss, this Court will consider Plaintiff's EEOC Charge.[1] *See Stennis v. Bowie State Univ.*, 236 F. Supp. 3d 903, 907 n. 1 (D. Md. 2017) (explaining that "the EEOC charge and its related documents are integral to the Complaint"); *Bowie v. Univ. of Md. Med. Sys.*, No. ELH-14-03216, 2015 U.S. Dist. LEXIS 42433, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider

---

[1] Both Defendant and Plaintiff have attached Plaintiff's EEOC Charge to their filings. (ECF Nos. 3-3, 5-2.)

EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." (citations omitted)).

## ANALYSIS

I.     **Exhaustion of Administrative Remedies**

Plaintiff's claims under the ADA and the ADEA are subject to dismissal for failure to exhaust administrative remedies. An employee alleging discrimination in violation of the ADA or the ADEA must first exhaust administrative remedies by filing and pursuing a charge with the EEOC.[2] *See, e.g.*, *Carter v. Montgomery Cty.*, No. TDC-18-2249, 2019 U.S. Dist. LEXIS 136933, at *8 (D. Md. Aug. 12, 2019) (Title VII and ADA); *Barkhorn v. Int'l Longshoremen's Ass'n, Local 333*, Civil Action No. WMN-15-572, 2016 U.S. Dist. LEXIS 2458, at *8 (D. Md. Jan. 8, 2016) (ADEA). If timely raised by the defendant, a plaintiff's failure to exhaust administrative remedies warrants dismissal under Rule 12(b)(6) of the Federal Rules. *See, e.g., Stewart v. Iancu*, 912 F.3d 693, 701-02 (4th Cir. 2019). In this case, Plaintiff's EEOC charge clearly shows that she checked boxes indicating that she alleged discrimination based only on race and color. (ECF No. 3-3.) Moreover, in her written narrative, Plaintiff stated that she believed she was "discriminated against because of [her] race (Caucasian)." (*Id.*) She made no mention of age or disability discrimination in the charge. Defendant has timely raised Plaintiff's failure to exhaust administrative remedies in its Motion to Dismiss.

---

[2] In Maryland, a deferral state, a claim of discrimination under Title VII, the ADA, or the ADEA must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001); *Miller v. Bd. of Educ. for Montgomery Cty.*, No. TJS-19-3067, 2020 U.S. Dist. LEXIS 233315, at *6 (D. Md. Dec. 11, 2020); *Magness v. Harford County*, ELH-16-2970, 2018 U.S. Dist. LEXIS 50136, 2018 WL 1505792, at 9-10 (D. Md. 2018).

Accordingly, Plaintiff's claims under the ADA and ADEA are DISMISSED WITH PREJUDICE.[3]

## II.  Title VII Race and Color Discrimination Claims

Plaintiff's Title VII claims based on race and color discrimination are also subject to dismissal. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (1). To state a prima facie claim of race discrimination under Title VII, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) more favorable treatment of someone outside the protected class with comparable qualifications. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also Royster v. DeJoy*, Civil Action No. GLR-17-2495, 2020 U.S. Dist. LEXIS 159861, at *5 (D. Md. Sep. 1, 2020).

Plaintiff alleges that she is caucasian, and she alleges that her employment was terminated. She thus sufficiently alleges the first and third elements of a prima facie case of race discrimination under Title VII. She does not, however, make any allegations as to whether her job performance was satisfactory. In addition, in her Complaint, Plaintiff alleges

---

[3] "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638-39 (D. Md. 2009)); *see also Wagner v. Econ. Rent-A-Car Corp.*, Civil Action No. RDB-19-0180, 2020 U.S. Dist. LEXIS 36515, at *15, 125 A.F.T.R.2d (RIA) 1115 (D. Md. Mar. 3, 2020) (dismissing with prejudice claims that fail as a matter of law and without prejudice claims that fail as a result of pleading deficiencies).

that she was terminated, and that the African-American employee with whom she previously had a physical altercation was not. (ECF No. 1 ¶ 6.) In her EEOC charge, however, Plaintiff states that "everyone was released from work due to Covid." (ECF No. 3-3.) Therefore, in light of these conflicting allegations, this Court cannot conclude that Plaintiff has sufficiently alleged that someone outside of her protected class received more favorable treatment. Accordingly, Plaintiff's Title VII claims are DISMISSED WITHOUT PREJUDICE.[4]

## III.    Rehabilitation Act Claims

Finally, Plaintiff's Rehabilitation Act claims also fail. As an initial matter, it is unclear from the Complaint whether Plaintiff proposes to proceed under § 501 or § 504 of the Rehabilitation Act. To the extent Plaintiff raises claims under § 501, those claims are subject to dismissal because that section applies only to federal employees, and there is no allegation that Defendant is a federal employer. *See, e.g.*, *Reyazuddin v. Montgomery Cty.*, Civil Action No. DKC 11-0951, 2012 U.S. Dist. LEXIS 780, at *9 (D. Md. Jan. 4, 2012). To the extent Plaintiff proposes to proceed under § 504 of the Rehabilitation Act, that section "bars both federal agencies and private entities that receive federal funding from discriminating on the basis of disability and is not limited to the employment context." *Id.* (internal citations omitted). There is no allegation in the Complaint or the EEOC charge that Defendant

---

[4] Plaintiff has not requested leave to amend her Complaint. However, Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend a pleading "when justice so requires." The United States Court of Appeals for the Fourth Circuit has "interpreted [Rule] 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). In this case, those factors are not present. Accordingly, Plaintiff will be granted leave to file an Amended Complaint.

receives federal funding. Therefore, Plaintiff's Rehabilitation Act claims fail as a matter of law and are DISMISSED WITH PREJUDICE.[5]

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 3) is GRANTED, and this case is DISMISSED. Plaintiff's Title VII claims are dismissed WITHOUT PREJUDICE and her other claims are DISMISSED WITH PREJUDICE. This Court GRANTS Plaintiff leave to file an Amended Complaint. If an Amended Complaint is not filed by January 14, 2022, the Clerk of this Court is instructed to CLOSE this case.

A separate Order follows.

Dated: January 4, 2022

_____/s/_____

Richard D. Bennett
United States District Judge

---

[5] Even if Defendant were subject to the requirements of the Rehabilitation Act, Plaintiff's claims nevertheless fail. To state a claim for disability discrimination under the Rehabilitation Act, a plaintiff must establish that she (1) is a "qualified individual with a disability;" (2) was "discharged;" (3) was "fulfilling [her] employer's legitimate expectations at the time of discharge;" and (4) the "circumstances of [her] discharge raise a reasonable inference of unlawful discrimination." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012) (quoting *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 273 n.9 (4th Cir. 2004) (internal quotation marks omitted)). In this case, Plaintiff has failed to allege any facts sufficient to establish the first, third, and fourth elements.