IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRENDA L. VIRELLA, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-1844 |
| M.B.G. ENTERPRISES INC., | * | |
| | * | |
| DEFENDANT. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff Brenda L. Virella ("Virella" or "Plaintiff") has brought this employment discrimination case against Defendant M.B.G. Enterprises, Inc. ("M.B.G." or "Defendant"), seeking declaratory judgment, injunctive relief, and monetary damages for discrimination based on her race and color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. In a Memorandum Opinion dated January 4, 2022, this Court granted M.G.B.'s first Motion to Dismiss this case. (ECF No. 7.) Specifically, this Court dismissed Virella's Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*; Rehabilitation Act, 29 U.S.C. § 701 *et seq*; and Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq* claims with prejudice and dismissed her Title VII claims without prejudice and with leave to amend her Complaint. On January 14, 2022, Virella filed an Amended Complaint. (ECF No. 9.)

Presently pending is Defendant's Motion to Dismiss that Amended Complaint for Failure to State a Claim. (ECF No. 10.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow,

Defendant's Motion to Dismiss (ECF No. 10) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Brenda L. Virella, a Caucasian woman, is a resident of Anne Arundel County, Maryland. (Am. Compl., ECF No. 9 ¶¶ 1, 4.) Defendant M.B.G. Enterprises, Inc. is a transportation and sanitation services corporation with its principal place of business in Anne Arundel County, Maryland. (*Id.* ¶ 2.) As of April 2020, Virella was employed by M.B.G. (*Id.* ¶ 4.) Virella alleges that M.B.G., through its agent and employee, Daniel Gunter, wrongfully terminated her employment in late April 2020. (*Id.*) Virella alleges that she was involved in a physical altercation with an African-American male employee and was severely injured. (*Id.*) The male employee, who was the subject of a failed criminal prosecution based on the altercation, was not terminated from his employment. (*Id.*) At some point after the altercation and despite having a satisfactory job performance, Virella's employment was terminated. (*Id.* ¶ 5.) Virella alleges that her termination was the result of either "reverse discrimination, or the implicit or explicit bias of her employer." (*Id.*) Also in April 2020, M.B.G. laid off all of its employees due to the COVID-19 pandemic. (*Id.* ¶ 8.) Virella was unable to collect unemployment benefits. (*Id.*)

On January 15, 2021, Virella filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 12.) The EEOC denied her claim

and issued her a right to sue letter dated on or about July 6, 2021. (*Id.*) On July 23, 2021, Virella filed her initial Complaint in this Court. As noted above, she then filed the subject Amended Complaint on January 14, 2022.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendant's Motion to Dismiss, this Court will consider Plaintiff's EEOC Charge.[1] *See Stennis v. Bowie State Univ.*, 236 F. Supp. 3d 903, 907 n. 1 (D. Md. 2017) (explaining that "the EEOC charge and its related documents are integral to the Complaint"); *Bowie v. Univ. of Md. Med. Sys.*, No. ELH-14-03216, 2015 U.S. Dist. LEXIS

---

[1] Both Defendant and Plaintiff have attached Plaintiff's EEOC Charge to their filings. (ECF Nos. 3-3, 5-2, 11-1.)

42433, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." (citations omitted)).

## ANALYSIS

Plaintiff's Amended Complaint is subject to dismissal. As this Court noted in its earlier Memorandum Opinion, under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (1). To state a prima facie claim of race discrimination under Title VII, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) more favorable treatment of someone outside the protected class with comparable qualifications. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also Royster v. DeJoy*, Civil Action No. GLR-17-2495, 2020 U.S. Dist. LEXIS 159861, at *5 (D. Md. Sep. 1, 2020).

First, Plaintiff has not plausibly alleged satisfactory job performance. Plaintiff alleges that "[d]espite . . . having a satisfactory job performance up to and including the date of the incident," she was terminated. (ECF No. 9 ¶ 5.) That single clause is the extent of her allegation of satisfactory performance. Such a conclusory allegation fails "to meet pleading requirements prescribed in *Twombly* and *Iqbal*." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 214 n.4 (4th Cir. 2019); *see also Phillips v. WakeMed*, No. 5:20-cv-00626-M, 2021 U.S. Dist. LEXIS 200917, at *16 (E.D.N.C. Oct. 19, 2021) (rejecting a Title VII plaintiff's

5

conclusory allegations of satisfactory performance and dismissing the complaint with prejudice under Rule (12)(b)(6)).

Second, Plaintiff has not plausibly alleged that someone outside of her protected class with comparable qualifications received more favorable treatment. "An inference of race or gender discrimination [may] be based on a comparison to the treatment of similarly situated co-workers of different races or genders, if those colleagues were treated more favorably under similar circumstances." *Booth v. Leggett*, 186 F. Supp. 3d 479, 486 (D. Md. 2016). In her Charge of Discrimination, Plaintiff alleges that that "shortly after" her altercation, "everyone was released from work due to Covid." (ECF No. 11-1.) If "everyone" includes the employee with whom Plaintiff had the altercation, then it is not plausible that her termination resulted in her having been treated any worse than the other employee. Moreover, Plaintiff has failed to allege that she and the other employee were similarly situated. Plaintiff makes no allegation as to that employee's responsibilities or supervisor. "Because two co-workers treated differently for the same offense might not be similarly situated if they have different job responsibilities or circumstances, a complaint that merely alleges a co-worker is similarly situated without providing facts to substantiate that similarity fails to state a claim for discrimination." *Booth*, 186 F. Supp. 3d 486. In short, Plaintiff's Amended Complaint fails to remedy the deficiencies of her original Complaint.

Given that Plaintiff had an opportunity to amend her initial Complaint, dismissal with prejudice is appropriate. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013) (noting determination of whether dismissal should be with prejudice is within district court's discretion); *Kitchings v. Integral Consulting Servs., Inc.*, No. PWG-19-3374, 2021 U.S. Dist.

LEXIS 146980, at *9-10 (D. Md. Aug. 5, 2021) (dismissing amended complaint with prejudice where a plaintiff "failed to address the pleading deficiencies noted by the [d]efendants"). Accordingly, this case is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 11th day of February, 2022 that Defendant's Motion to Dismiss (ECF No. 10) is GRANTED, and Plaintiff's Amended Complaint (ECF No. 9) is DISMISSED WITH PREJUDICE. The Clerk of this Court is directed to CLOSE THIS CASE.

_____/s/_____

Richard D. Bennett
United States District Judge